**8**

**HEFNER, STARK & MAROIS, LLP**
Howard S. Nevins (CA Bar Assn No. 119366)
Aaron A. Avery (CA Bar Assn No. 245448)
2150 River Plaza Drive, Suite 450
Sacramento, CA 95833-4136
Telephone: (916) 925-6620
Fax No: (916) 925-1127
Email: aavery@hsmlaw.com

Attorneys for
GEOFFREY RICHARDS,
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA
### (Sacramento Division)

| | |
|---|---|
| In re<br><br>KENNETH LEE STEERS, JR. AND LIELANIE OLIVA STEERS,<br><br>Debtors. | Case No.: 19-27507-A-7<br><br>DC No.:　HSM-007<br><br>Date:　　August 31, 2020<br>Time:　　9:00 a.m.<br>Place:　　501 I Street<br>　　　　　Sacramento, CA<br>　　　　　Ctrm. 28, 7th Flr.<br>Judge:　 Hon. Fredrick E. Clement |

**NOTICE OF MOTION: (1) TO CONFIRM SALE OF REAL PROPERTY FOLLOWING AUCTION; AND, (2) TO PAY ENCUMBRANCES, AND EXPENSES OF SALE INCLUDING BUYER'S PREMIUM TO AUCTIONEER**

**(Approximately 327.2 Acres Located in Modoc County, California – APNs: 025-020-023-000; 025-020-025-000; and, 025-020-026-000)**

**PLEASE TAKE NOTICE** that GEOFFREY RICHARDS, the Chapter 7 Trustee in the above-referenced bankruptcy case ("Trustee"), has filed a Motion: (1) to Confirm Sale of Real Property Following Auction; and, (2) to Pay Encumbrances, and Expenses of Sale, Including Buyer's Premium to Auctioneer (the "Motion"), pursuant to 11 U.S.C. §§ 363(b), 328, 330 and 503(b).

The real property that is the subject of this Motion consists of the estate's right, title, and interest in and to the following property ("Perry Property" or "Property"):

1

K:\Richards, Geoffrey\Steers, Kenneth & Leilanie (7687-0049)\pldg (hsm-07) mtn to confirm sale\pldg motion to confirm sale; ntc.docx

| APN | County | State | Zip Code | Acres |
|---|---|---|---|---|
| 025-020-023-000 | Modoc County | CA | 96108 | 216.2 |
| 025-020-025-000 | Modoc County | CA | 96108 | 36.6 |
| 025-020-026-000 | Modoc County | CA | 96108 | 74.4 |
| **Total Acres** | | | | **327.2** |

As noted in the Trustee's Motion for Order: (1) Authorizing the Employment of Tranzon Asset Strategies as Auctioneer for the Trustee; and, (2) Authorizing Sale of Estate Assets by Auction HSM-005 (the "Auction Motion"), the Trustee understands that the Perry Property is held in the KENNETH AND LIELANIE STEERS REVOCABLE TRUST, dated March 11, 2009, as amended ("Revocable Trust"), and will sell the estate's interest in such asset out of the Revocable Trust.[1]

Through the Motion, the Trustee seeks an order confirming the sale of the estate's interest in the Perry Property to Richard Lawson ("Buyer"), or his designee.

## **Background**

After the Trustee's appointment in this case, the Trustee elected to employ Tranzon Asset Strategies ("Tranzon" or "Auctioneer"), as Auctioneer for the estate, so that Tranzon may assist him in liquidating the estate's interest in certain real property and personal property assets. (Auction Motion, Docket 93) The real property assets Tranzon was authorized to auction are two remote, adjacent ranch properties in Modoc County, California, consisting of the Perry Property (approximately 327.2 acres, with no residential structure), and the Shaffer Property (approximately 322.6 acres, including a residential structure). The successful auction of either real property was to be followed by a motion to confirm the sale, which is the purpose of the Motion. For its compensation in connection with the sale of either real property, Tranzon was authorized to collect a ten percent (10%) buyer's premium, to be held by the Trustee, subject to court approval for reasonableness

---

[1] As reflected in the Preliminary Title Reports for the Perry Property, an error in one or more of the Debtors' names may have affected the title transfer of the Perry Property from the Debtors into the Revocable Trust. The Trustee understands that specific AKA deed language, or order language, may be required by title to address the issue.

following the auction, as provided for in the Court's order authorizing Tranzon's employment herein.[2] (Docket 108)

       Tranzon extensively marketed the real properties, and conducted an auction sale of the Perry Property, together with the estate's interest in the adjacent Shaffer Property. The auction was conducted online on July 14, 2020. Unfortunately, the auction did not meet the minimum prices set by the Trustee. However, in connection with the auction process, Tranzon received an offer of $120,000.00 to purchase the estate's interest in the Perry Property, discussed below, which the Trustee has accepted.

       Pursuant to the Motion, the Trustee seeks an order from this court authorizing the Trustee to enter into and perform under the Purchase Agreement described below, and to execute all documents reasonably necessary and appropriate to consummate the sale of the Perry Property approved by the court. In connection with such authorization, the Trustee seeks an order from this court: (i) allowing as an administrative expense, on a final basis, and authorizing the payment from escrow of the buyer's premium/commission to Tranzon, consistent with the Trustee's engagement of that firm; (ii) authorizing the Trustee to pay from escrow the Encumbrances (defined below) identified in the preliminary title reports, discussed below, including the estate' share of undisputed real estate taxes; (iii) allowing and authorizing the Trustee to pay from escrow other customary expenses of closing associated with this sale, including the estate's portion of closing costs and other seller-allocated costs described in the Purchase Agreement; and, (iv) authorizing the Trustee to pay from escrow any amounts required to be withheld for state or federal taxes. **In connection with the Motion, the Trustee seeks authorization to pay the above items through escrow, without further court order.**

### Purchase Agreement

       Pursuant to the efforts of Tranzon, the Trustee has received and accepted an offer

---

[2] The Trustee agreed to a combined expense budget of up to $8,100.00 for the sale of the real and personal property. Tranzon has incurred expenses in connection with the marketing and sale of real property as well as the auction of personal property, which the Trustee intend seek allowance of in connection with a future compensation application for Tranzon, covering its compensation for the sale of personal property, and expenses incurred in connection with the real and personal property.

Hefner, Stark & Marois, LLP
Sacramento, CA

to purchase the Perry Property for $120,000.00 from Buyer, subject to court approval and overbidding. The terms of the proposed sale are set forth in that certain PURCHASE CONTRACT AND RECEIPT FOR DEPOSIT, dated as of July 14, 2020 (collectively, the "Purchase Agreement"). A true and correct copy of the Purchase Agreement is attached as Exhibit "A" to the Exhibits Cover Sheet filed with this Motion. Parties should review the Purchase Agreement for complete terms.

The material terms of the transaction are summarized as follows:

    a.    The proposed sale of the estate's interest in the Perry Property and the Purchase Agreement are subject to Bankruptcy Court confirmation through the granting of this Motion.

    b.    The Purchase Price for the Property is $120,000.00 ("Purchase Price" or "Sales Proceeds"), with a ten percent (10%) buyer's premium added to the Purchase Price as Tranzon's sole compensation in connection with the transaction.

    c.    Buyer has provided a deposit in the amount of $13,200.00 (the "Deposit"). The Deposit is creditable against the Purchase Price. If Buyer fails to complete the purchase by reason of any default of Buyer, the Trustee shall be released from his obligation to sell the Property to Buyer and may proceed against Buyer upon any claim or remedy which he may have in law or equity; provided, however, that the Trustee shall retain the Deposit as his liquidated damages.

    d.    Title to the Property shall vest in T.A. Lawson & Sons, Inc.

    e.    The sale of the Property must close within 30 days, or expiration of the appeal period following entry of the order granting this Motion (the next business day following 14 days after entry of the order), with no timely appeal taken, whichever is later. If the Buyer fails to close in a timely manner for any reason, the Buyer's deposit(s) shall be immediately forfeited and released to the Trustee as liquidated damages and not as a penalty. The Trustee, in his sole capacity as Chapter 7 Trustee of this bankruptcy estate, retains the unilateral right to cancel escrow and retain the Deposit in the event Buyer fails to close as required by the terms of the Purchase Agreement.

    f.    Except as otherwise specifically stated in Purchase Agreement, the Property is sold "As-Is, Where Is, With All Faults", in its present condition, with no representations or warranties of any kind or character, express or implied, whatsoever. Title will be conveyed by Quitclaim Deed and is subject to the following: (a) current property taxes, (b) covenants, conditions and restrictions of record, (c) easements of record, (d) local, state and federal laws, ordinances or governmental regulations, including but not limited to, building and zoning laws, ordinances and regulations, now or hereafter in effect relating to the Property, and (e) liens, encumbrances, and interests, except those satisfied through the sale or of which the sale is authorized to be free and clear.

    g.    Trustee shall furnish Buyer at Buyer's expense a standard coverage owner's title policy showing title to the Property vested in Buyer, subject to the Permitted Exceptions. Buyer acknowledges receipt of the Preliminary Title Report and agrees to accept title to the Property subject to the Permitted Exceptions, excepting monetary liens

Hefner, Stark & Marois, LLP
Sacramento, CA

4

K:\Richards, Geoffrey\Steers, Kenneth & Leilanie (7687-0049)\pldg (hsm-07) mtn to confirm sale\pldg motion to confirm sale; ntc.docx

and encumbrances which are eliminated prior to the Close of Escrow pursuant to release or Court order. If Trustee is unable to furnish said Title Insurance Policy on the date set for the Close of Escrow, then Trustee shall be given up to ninety (90) additional days to cure any defects and procure said Title Insurance. If Trustee fails to deliver title as above, Buyer, as its sole remedy, may terminate the Purchase Agreement and the Deposit shall be returned to Buyer.

      h.     Property taxes, rents and interest (if any) shall be pro-rated as of the date of Close of Escrow. Buyer will be required to pay their own closing costs, including but not limited to, escrow fees, document preparation fees, transfer taxes, recording fees, current year property taxes, title fees, and closing fees. The sale is subject to any existing leases and tenancies, and Trustee shall not be obligated to deliver any deposits, pre-paid rent or tenant estoppels certificates.

For the reasons set forth in the Notice, the Trustee has concluded that the Purchase Price is a fair price for the Property.

## Proposed Terms for Overbidding

The Trustee proposes that any persons or entities wishing to bid on the Property be required to first become a qualified overbidder (a "Qualified Overbidder") in the manner set forth below, prior to the commencement of the hearing on the Motion.

      i.     Any person or entity wishing to become a Qualified Overbidder must deliver to the Trustee, at the Trustee's counsel's address at the top of this pleading, no later than the commencement of the hearing on this Motion (i) the Overbidder Deposit, and (ii) a showing of financial ability to perform. The "Overbidder Deposit" shall consist of a non-refundable deposit in the amount of $13,200.00, in the form of a cashier's check or money order made payable to "Geoffrey Richards, Chapter 7 Trustee of the Steers Bankruptcy Estate," which will be applied to the purchase price for the Property if the Qualified Overbidder is the successful purchaser following the hearing on the Motion. The financial showing shall include, without limitation, either the overbidder's ability to fund payment of the entire Purchase Price in cash at closing, or qualifications acceptable to Trustee to timely obtain a loan to fund the balance of the Purchase Price at closing. The winning overbidder shall close on the same terms as Buyer.

      j.     Prior to the hearing, a Qualified Overbidder may obtain permission from the Trustee to inspect the Property. Any such inspection shall be subject to the Qualified Overbidder (i) delivering the Overbidder Deposit and showing of financial ability to perform as provided above, and (ii) executing a form of Purchase Agreement on the same terms as the Purchase Agreement entered into by Buyer. By submitting an overbid at the sale hearing, any Qualified Overbidder shall be deemed to have conclusively waived all contingencies to the purchase of the Property under the Purchase Agreement, except for those provided for in the Purchase Agreement, and except for court approval of the sale to such Qualified Overbidder as the highest bidder thereon.

      k.     If a Qualified Overbidder is not successful at the hearing, or chooses not to bid, the Overbidder Deposit shall be returned to such Qualified Overbidder upon the entry of the order confirming the successful bidder for the Property. If a Qualified Overbidder is approved as the high bidder but breaches its obligation to consummate the sale under the terms of the Purchase Agreement, or otherwise breaches its covenants to the Trustee and the Estate, its Overbidder Deposit shall be retained and administered as

Hefner, Stark & Marois, LLP
Sacramento, CA

an asset of the estate.

　　　l.　　The Trustee proposes that the initial overbid be $125,000.00, plus ten percent (10%) buyer's premium which will be added to the bid and purchase price, and that subsequent overbids, if any, be in increments of not less than $5,000.00. The high bidder must purchase the Property on terms identical to those set forth in the Purchase Agreement, except for the increased price, and subject to any modifications ordered by the court. If the Buyer is the high bidder, it shall pay the greater of his high bid or the Purchase Price for the Property.

　　　m.　　In the event that a third party outbids Buyer, and the Trustee receives full payment for the Property on the terms set forth herein and in the Purchase Agreement, the Purchase Agreement between Buyer and the Trustee shall be of no further effect.

　　　n.　　If Buyer is outbid on the purchase of the Property at the hearing on the Motion, then Buyer shall have the option at the hearing to either (i) terminate the Purchase Agreement or (ii) maintain the Purchase Agreement and remain obligated to purchase the Property if the overbidder fails to close the overbid purchase of the Property in accordance with the terms of such overbidding as approved by the Court.

### Authorization to Pay Buyer's Premium Compensation to Tranzon

For the reasons set forth in the Motion, in consideration of Tranzon's efforts to market the Property and obtain Buyer's offer to purchase the Property, the Trustee seeks authorization from the court to allow the buyer's premium of 10% of the Purchase Price, to be added to the Purchase Price and paid by the Buyer, as compensation to Tranzon, in the amount of $12,000.00, subject to increase in the event of overbidding, to be distributed to Tranzon through and upon closing of escrow.

### Authorization to Satisfy Encumbrances

The Trustee has recently been provided with an estimated closing statement for the Perry Property listing $453.57 in pro-rated taxes owed from July 1, 2020, through August 31, 2020, and $6,756.21 in additional taxes owed for all three parcels comprising the Perry Property. Previously, in connection with the anticipated sale of the Property, the Trustee was provided with preliminary title reports from Old Republic Title Company, dated April 24, 2020, for each of the parcels comprising the Perry Property. True and correct copies of the prelims, excerpted as set forth in the Motion, for APNs: 025-020-023-000; 025-020-025-000; and, 025-020-026-000, are attached as Exhibits "B," "C," and "D," respectively, to the Exhibits Cover Sheet filed herewith. The only monetary encumbrances listed are current and defaulted real property taxes.

Because the Trustee anticipates satisfying all of the monetary Encumbrances described below through escrow, the Trustee does not seek an order approving the sale "free and clear" of the Encumbrances. The Trustee seeks authorization to pay the Encumbrances described in the Motion, through escrow, consisting of all undisputed real property taxes owed in connection with the Property, including the estate's pre-closing pro-rata share of current real property tax assessments.

As set forth in the Trustee's Auction Motion, based on a California Secretary of State UCC Search for the Debtors, the Trustee identified the following State of California Employment Development Department ("EDD") liens of record:

o. A Notice of State Tax Lien filed on August 9, 2019, with the California Secretary of State by the EDD, as Document No. 80774120002, setting forth a lien for taxes in the amount of $31,324.91 ("EDD Lien 1").

p. A Notice of State Tax Lien filed on August 9, 2019, with the California Secretary of State by the EDD, as Document No. 807751200002, setting forth a lien for taxes in the amount of $131,667.42 ("EDD Lien 2").

Through counsel, the Trustee has confirmed with EDD that it has been paid. Because the Trustee understands that EDD has been paid, the Trustee anticipates that EDD Lien 1 and EDD Lien 2 will be released pursuant to a request from escrow. Therefore, the Trustee does not seek authorization to pay EDD, nor to sell the Property free and clear of EDD Lien 1 or EDD Lien 2, at this time. Should circumstances change, the Trustee may request such relief in the future.

The Motion was filed pursuant to Local Rule 9014-1(f)(2), which requires a minimum of 14 days' notice of the hearing on the Motion, and Bankruptcy Rule of Procedure 2002(a), which requires a minimum of 21 days' notice of hearing on the Motion. Counsel for the Trustee has scheduled the Motion to be heard on **August 31, 2020, at 9:00 a.m.**, before the Honorable Fredrick E. Clement, Judge of the United States Bankruptcy Court, in Department 28, located at 501 I Street, 7th Floor, Sacramento, California. **Parties are encouraged to check the Court's website at www.caeb.uscourts.gov for the latest procedures, courthouse access restrictions, and Court Call information, related to the COVID-19 Outbreak.**

K:\Richards, Geoffrey\Steers, Kenneth & Leilanie (7687-0049)\pldg (hsm-07) mtn to confirm sale\pldg motion to confirm sale; ntc.docx

The Motion is based on this Notice, the Motion, the Memorandum, the Declarations of the Trustee, Michael Walters, and Aaron Avery, and the Exhibits Cover Sheet and attached exhibits filed herewith.  Interested parties are referred to such documents, which are on file with the court, for further particulars.  The Motion may also be based on additional evidence and argument as may be submitted at the time of the hearing.

**YOUR RIGHTS MAY BE AFFECTED.  You should read this Notice carefully and discuss it with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult with one.)**

Pursuant to Local Rule 9014-1(f)(2)(C), opposition, if any, need not be in writing or filed with the Court prior to the hearing on the Motion.  Instead, opposition, if any, may be presented at the hearing on the Motion.  If opposition is presented, or if there is other good cause, the Court may continue the hearing to permit the filing of evidence and briefs.  The hearing on the Motion may be adjourned from time to time without further notice, except as stated orally in court.

Parties can ascertain which matters are resolved without oral argument and can view tentative rulings by checking the Court's website at www.caeb.uscourts.gov after 4:00 p.m. the day before the hearing.  Parties appearing telephonically shall view the tentative ruling prior to the hearing.

Dated:  August 10, 2020

HEFNER, STARK & MAROIS, LLP

By  /s/ Aaron A. Avery
Aaron A. Avery, Attorneys for
GEOFFREY RICHARDS,
Chapter 7 Trustee

8

K:\Richards, Geoffrey\Steers, Kenneth & Leilanie (7687-0049)\pldg (hsm-07) mtn to confirm sale\pldg motion to confirm sale; ntc.docx