**3**

Walter R. Dahl, CSB No. 102186 [wdahl@DahlLaw.net]
**DAHL LAW**
2304 "N" Street
Sacramento, CA 95816-5716

Telephone: (916) 446-8800
Telecopier: (916) 741-3346

Counsel for Kenneth Lee Steers, Jr. and
Lielanie Oliva Steers

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
## SACRAMENTO DIVISION

| | |
|---|---|
| In Re: | Case No.: 19-27507-A-7 |
| | DC No.: DL-1 |
| **Kenneth Lee Steers, Jr. & Lielanie Oliva Steers,** | Date: August 31, 2020 |
| | Time: 9:00 AM |
| 4901 Trails End Road, Shingle Springs, CA 95682 | Judge: Clement |
| TIN: xxx-xx-6578 / xxx-xx-5029 | Courtroom: 28; Dept. A |
| | Place: 501 I Street, 7th Floor |
| Debtor(s). | Sacramento CA 95814 |

### MOTION FOR ORDER COMPELLING TRUSTEE
### TO ABANDON PROPERTY OF THE ESTATE
### [11 U.S.C. § 554(b)]

Kenneth Lee Steers, Jr. & Lielanie Oliva Steers ("Debtors") hereby move the court pursuant to

11 U.S.C. Section 554(b) for an order compelling Geoffrey M. Richards, Chapter 7 Trustee ("Trustee")

to abandon real property of the estate commonly described as the Shaffer Ranch, located at 6340 County

Road 133C, New Pine Creek, CA 97635 in Modoc County, together with all personal property located

on such real property, including an Echo brand trailer, but excluding two Arctic Cat snow machines

which shall remain property of the estate, on the basis said real and personal property has no equity and

is therefore burdensome to the estate or of inconsequential value and benefit to the estate.

### I.

### BACKGROUND

DAHL LAW
SACRAMENTO, CA

1. Debtors filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code [11 U.S.C. § 101 et seq.] ("Bankruptcy Code") on December 4, 2019.

2. Trustee was appointed to serve as Chapter 7 Trustee in the case.

3. Among the assets of the bankruptcy estate is real property commonly described as the Shaffer Ranch (the "Shaffer Ranch").

4. Debtors valued the Shaffer Ranch at $899,009 as noted on the amended Schedule A/B filed with the court on February 19, 2020 [Docket #46].

5. The Shaffer Ranch is subject to a first priority deed of trust lien in favor of the Shaffer Family Trust with a payoff balance of approximately $465,000 as of the commencement of Debtors' case, as noted on the Schedule D filed December 18, 2019 [Docket #18].

6. The Shaffer Ranch is also subject to real property taxes owing to Modoc County, which as of the commencement of Debtors' case, totaled approximately $11,787.52, as noted on the Schedule D filed December 18, 2019 [Docket #18].

7. Since the filing of Debtors' case, no payments have been made on the obligations owing to the Shaffer Family Trust or the County of Modoc which are secured by the Shaffer Ranch.

8. Trustee attempted to sell via online auction the Shaffer Ranch, but no bids were received in an amount sufficient to satisfy the obligations owing to the Shaffer Family Trust, the County of Modoc, the real estate sales commission and other costs of sale, and net a sufficient return to the bankruptcy estate.

9. The household goods and furnishings located at the Shaffer Ranch was claimed exempt by Debtors. The balance of the personal property located at the Shaffer Ranch was evaluated for possible sale by Trustee by Lonny Papp of Tranzon Auctions. With the exception of two Arctic Cat brand snow machines, Mr. Papp determined that the non-exempt personal property, including specifically an Echo brand utility trailer, would not bring sufficient bids to be worth attempting to sell such in an online auction or otherwise.

10. Therefore, there is no significant non-exempt equity in the Shaffer Ranch or in the personal property located there.

11. It is appropriate for the court to grant this motion compelling Trustee to abandon the Shaffer

Ranch and the personal property located there.

12. Debtors believe Trustee will not oppose this motion to compel abandonment.

**II.**

### THE COURT SHOULD ORDER THE TRUSTEE TO ABANDON THE PROPERTY BECAUSE THERE IS NO EQUITY IN THE PROPERTY

13. 11 U.S.C. Section 554(b) provides as follows:

> On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

14. As set forth above, there is no significant equity in the Shaffer Ranch or in the personal property located there, therefore, such property is burdensome to the estate or of inconsequential value and benefit to the estate. Accordingly, the court should order the Trustee to abandon the the Shaffer Ranch and the personal property located there.

**WHEREFORE**, Debtors pray:

1. For an order compelling the Trustee to abandon the Shaffer Ranch, commonly described as 6340 County Road 133C, New Pine Creek, CA 97635 in Modoc County, together with all personal property located on such real property, including an Echo brand utility trailer, but excluding two Arctic Cat snow machines;

2. For an order deeming abandoned the Shaffer Ranch, commonly described as 6340 County Road 133C, New Pine Creek, CA 97635 in Modoc County, together with all personal property located on such real property, including an Echo brand utility trailer, but excluding two Arctic Cat snow machines; and,

3. For such other and further relief as the court deems proper.

Dated:  August 11, 2020                         DAHL LAW


                                    By:  /s/   Walter R. Dahl
                                         Walter R. Dahl
                                    Counsel for Kenneth Lee Steers, Jr. and
                                    Lielanie Oliva Steers